UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GAMALIEL HERNANDEZ RIVAS (A-246-059-634),<br>Petitioner,<br>v.<br>WARDEN, et al.,<br>Respondents. | No. 2:26-cv-01123 DC CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Orlando Gamaliel Hernandez Rivas (A-246-059-634), a native and citizen of Mexico who is proceeding without counsel, has filed a verified first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The district court previously denied petitioner's three motions for a temporary restraining order/immediate release and referred this matter to the undersigned for further proceedings. For the reasons that follow, the Court recommends that the petition be denied.

///

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17). Petitioner filed a verified habeas petition. (ECF No. 18 at 8.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

## I. BACKGROUND

The factual and procedural background previously presented in the district judge's prior orders are incorporated herein. (See ECF Nos. 4, 14, 24.)

Petitioner was detained on November 30, 2025 by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 18 at 3.) On March 3, 2026, petitioner received a bond hearing before an immigration judge. (Id.) On March 10, 2026, the immigration judge ordered petitioner detained in a written order based on danger and flight risk. (Id. at 3-4; ECF No. 1 at 26-29 (written bond decision).)

On March 26, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On March 26, 2026, the district court denied petitioner's motion for a temporary restraining order where both claims raised by petitioner regarding the immigration judge's bond findings should be brought in an appeal to the Board of Immigration Appeals, not the district court. (ECF No. 4.) The district court therefore concluded that petitioner has not shown a likelihood of success on the merits. (Id.) The district court referred this matter to the assigned magistrate judge for further proceedings. (Id.)

On April 2, 2026, respondents filed a motion to dismiss the petition. (ECF No. 7.) Petitioner filed his opposition on April 20, 2026 and respondents filed a reply on May 2, 2026. (ECF Nos. 9, 10.) On May 14, 2026, petitioner filed another brief in support of his petition, without leave of court. (ECF No. 12.)

On June 10, 2026, petitioner filed a second motion for immediate release. (ECF No. 13.) On June 12, 2026, the district court denied petitioner's second motion, concluding that "Petitioner does not assert any new facts or legal arguments in his [first] Motion for Immediate Release that warrant reconsideration of the court's previous Order. Accordingly, Petitioner's [second] Motion for Immediate Release is DENIED." (ECF No. 14 (emphasis in original).)

On August 24, 2026, petitioner filed a motion for leave to file a first amended petition, a first amended petition, and a third motion for a temporary restraining order. (ECF Nos. 18, 19, 19.) On August 26, 2026, the district court ordered respondents to file a response to petitioner's third motion for a temporary restraining order, identifying whether petitioner has previously been

released from immigration custody and substantively addressing whether there are any factual or legal issues in this case that materially distinguish it from Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026) and the district court's other cases identified. (ECF No. 20.) On August 28, 2026, respondents filed an answer to the first amended petition and opposition. (ECF No. 21.) On September 8, 2026, petitioner filed a reply. (ECF Nos. 21, 23.) On September 18, 2026, the district court denied petitioner's third motion for a temporary restraining order. (ECF No. 24.) The district court found that "Petitioner does not allege any materially changed circumstances, however, that would alter an immigration judge's finding on bond. To the extent Petitioner believes such materially changed circumstances do exist, he may request a new bond hearing without need for court intervention. See 8 C.F.R. 1003.19(e) ('After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered upon a showing that the alien's circumstances have changed materially since the prior bond redetermination.')." (Id.)

Petitioner filed multiple different requests, including for a status conference and multiple motions to expedite. (ECF No. 11, 15, 16, 25.)

**II. LEGAL STANDARDS**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules

Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## III. DISCUSSION

Petitioner's request for leave to file a first amended petition (ECF No. 17) is granted nunc pro tunc as of August 25, 2026, where the district court already indicated that it reviewed the first amended petition and respondents filed a response to the first amended petition. (See ECF Nos. 20, 21.)

Petitioner challenges his detention as (1) prolonged in violation of the Fifth Amendment due process clause, and (2) for lacking a meaningful custody determination. (ECF No. 18 at 6-7 (first amended petition).) Respondents argue that petitioner failed to exhaust his administrative remedies and the bond hearing was adequate under the statute and constitution. (ECF No. 7.) Respondents also argue that ordering a second bond hearing is not required or appropriate in this case. (See ECF No. 21.)

Though petitioner's length of detention has increased since the district court's denial of petitioner's third motion for a temporary restraining order/immediate release, the Court does not find a basis to depart from the district court's prior findings regarding petitioner's failure to exhaust his challenge to the immigration judge's denial of bond and petitioner's ability to request a second bond hearing (a bond redetermination) based on materially changed circumstances. (See ECF Nos. 4, 14, 24 (citing and quoting 8 C.F.R. § 1003.19(e)).) The Court agrees with the district court's findings that petitioner's challenges to the immigration judge's denial of bond should be raised through the normal immigration appeal process before the Board of Immigration Appeals. (See ECF Nos. 4, 14, 24.) The Court further notes that the immigration judge issued a detailed written decision denying bond. (See ECF No. 1 at 26-29.)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). The court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)).

The district court's September 18, 2026 order also provided petitioner with the regulation for how to request a second bond hearing: "Petitioner does not allege any materially changed circumstances, however, that would alter an immigration judge's finding on bond. To the extent

Petitioner believes such materially changed circumstances do exist, he may request a new bond hearing without need for court intervention. See 8 C.F.R. 1003.19(e) ('After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered upon a showing that the alien's circumstances have changed materially since the prior bond redetermination.')." (ECF No. 24.) Petitioner instead requests that the district court intervene and either order a second bond hearing or release petitioner. Petitioner has failed to demonstrate, however, that exhausting administrative remedies (appealing the denial or bond or seeking a custody redetermination) would be futile.

Under the circumstances of this case, this Court finds that petitioner should not be excused from exhausting administrative remedies. Therefore, the Court recommends granting respondents' motion to dismiss and dismissing the first amended petition. The Court therefore declines to address petitioner's prolonged detention claim where petitioner failed to exhaust and it appears that habeas relief is not warranted.

## IV. MOTIONS TO EXPEDITE CONSIDERATION OF MERITS OF PETITION

Petitioner filed multiple different requests, including for a status conference and multiple motions to expedite. (ECF No. 11, 15, 16, 25.) Petitioner's motions are denied as moot based on the issuance of the instant findings and recommendations.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motions for a status conference and to expedite (ECF No. 11, 15, 16, 25) are denied.
2. Petitioner's request for leave to file a first amended petition (ECF No. 17) is granted nunc pro tunc as of August 25, 2026.

Further, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss (ECF Nos. 7, 21) be granted and the first amended petition (ECF No. 18) be dismissed.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 22, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/hern.1123.26.frs